IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**RICHARD MONAHAN**                                                                                   **PLAINTIFF**

vs.                                                   No. 3:22-cv-129-BSM

**RED MULE EXPRESS, LLC**                                                                    **DEFENDANT**

## PLAINTIFF'S PRETRIAL DISCLOSURE SHEET

Plaintiff Richard Monahan, by and through his attorneys Sean Short and Josh Sanford of Sanford Law Firm, PLLC, for his Pretrial Disclosure Sheet, does hereby state as follows:

**1.      Identity of the party submitting information.**

Plaintiff Richard Monahan by and through his attorneys of the Sanford Law Firm, PLLC.

**2.      Names, addresses, and telephone numbers of all counsel for the parties.**

Sean Short and Josh Sanford of Sanford Law Firm, PLLC, Kirkpatrick Plaza, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, Phone: (501) 221-0088, Facsimile: 888-787-2040, Email: sean@sanfordlawfirm.com and josh@sanfordlawfirm.com.

**3.      A brief summary of the claims and relief sought.**

This is an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Arkansas Minimum Wage Act ("AMWA"), A.C.A. § 11-4-201, *et seq.* The FLSA and AMWA requires employers to pay employees one and one-half times their

regular rate for all hours worked over 40 per week. 29 U.S.C. § 206, 207; Ark. Code Ann. § 11-4-210–211. Defendant classified Plaintiff as nonexempt from the overtime requirements and paid Plaintiff an hourly wage. Plaintiff regularly worked in excess of 40 hours per week throughout his tenure with Defendant. Defendant violated the FLSA and AMWA by failing to pay Plaintiff lawful overtime wages for all hours worked over forty each week. Therefore, Plaintiff seeks to recover damages in the form of unpaid overtime, liquidated damages, attorneys' fees, and costs as provided for by 29 U.S.C. § 216(b) and Ark. Code Ann. § 11-4-218.

**4.     Prospects for settlement.**

Plaintiff remains open to a reasonable settlement and is hopeful that Defendant will be receptive to entering negotiations and avoiding the expense of trial, if possible.

**5.     The basis for jurisdiction and objections to jurisdiction.**

The United States District Court for the Eastern District of Arkansas has jurisdiction over this suit under 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA. Plaintiff was employed by and performed work for Defendant in the State of Arkansas; therefore, AMWA violations have also arisen out of the same set of operative facts as the federal cause of action. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

**6.     A list of pending motions.**

None.

**7. A concise summary of the facts.**

Defendant owns and operates a convenience store in Highland, Arkansas, that does business as Red Mule Food Mart. As part of its business, Defendant offers grocery and gas services, as well as some prepared foods at a small kitchen in the store.

Defendant employed Plaintiff as an hourly-paid Cook from August of 2021 until March of 2022. Plaintiff was generally scheduled to work from 9:00 am to 6:00 pm, although these times could fluctuate depending on the week and Defendant's needs. Plaintiff arrived at work at 7:30 or 8:00 am to prepare foods and have them ready for the lunch rush, starting at 10 am. Plaintiff worked straight through lunch, continuing to prepare foods for the dinner rush. Following dinner, Plaintiff oftentimes cleaned the kitchen area and prepped the setup for the following day. Plaintiff did not take lunch or other breaks during the day. Plaintiff oftentimes worked past his 6:00 pm shift-end. The dinner rush rarely, if ever, ended before 6:30 pm, and Plaintiff was required to prepare and serve food until there were no more customers waiting to be served. Plaintiff regularly prepared food and served customers until 7:00 pm or later. Plaintiff was required to clean the kitchen area and prep for the next day no matter when he finished serving customers. Consequently, Plaintiff regularly worked until 8:00 or 8:30 pm and sometimes even as late as 10 pm.

Plaintiff alleges that despite the amount of overtime Plaintiff worked, Defendant paid Plaintiff his regular rate for all hours worked. Plaintiff also alleges that Defendant sometimes required Plaintiff to clock out and continue working, resulting in hours worked by Plaintiff which went unrecorded and uncompensated.

Richard Monahan v. Red Mule Express, LLC
U.S.D.C. (E.D. Ark.) No. 3:22-cv-129-BSM
Plaintiff's Pretrial Disclosure Sheet

Defendant's primary defenses are that Plaintiff didn't work any overtime hours and, if he did, Defendant is not a covered employer under the FLSA or AMWA. Plaintiff, however, produced time sheets in discovery that show Plaintiff was working more than 40 hours per week. Additionally, Defendant admitted in its Answer to many of the allegations that would establish Plaintiff is covered by the minimum wage and overtime protections of the FLSA and AMWA.

Defendant violated the FLSA and AMWA by failing to pay Plaintiff lawful overtime wages for all hours worked over forty each week. As such, Defendant deprived Plaintiff of compensation for all of his hours worked over forty per week.

**8. All proposed stipulations.**

A.   The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

B.   This Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

C.   Plaintiff was a citizen of the United States and resident of and domiciled in the State of Arkansas at the time of the filing Plaintiff's Original Complaint.

D.   Red Mule Express, LLC, conducts business within the State of Arkansas.

E.   Red Mule Express, LLC, qualifies as a covered "employer" as that term is defined by the FLSA and AMWA.

F.   Defendant operates a convenience store in Highland, Arkansas, that does business as Red Mule Food Mart.

G. In the course of performing his work for Defendant, Plaintiff regularly handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

H. Plaintiff participated in interstate commerce as part of his job by ordering food and supplies that have been produced and purchased out-of-state.

I. At all times relevant to this action, Defendant employed at least four individuals on a full-time basis.

J. Defendant is subject to the provisions of the FLSA and AMWA.

K. Plaintiff is covered by the minimum wage and overtime protections of the FLSA and AMWA.

L. Defendant directly hired Plaintiff to work on its behalf, paid him wages and benefits, controlled his work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

M. Defendant employed Plaintiff as an hourly-paid Cook from August of 2021 until March of 2022.

N. The work Plaintiff performed for Defendant involved working in the kitchen as the cook, preparing fried foods, burgers, pizzas and other prepared foods Defendant offered to its customers.

O. Defendant classified Plaintiff as nonexempt from the minimum and overtime wage provisions of the FLSA and AMWA for the entirety of his employment.

**9.    The issues of fact expected to be contested.**

A. The number of hours that Plaintiff worked per week.

**10.    The issues of law expected to be contested.**

  A.  The amount of damages owed to Plaintiff.

  B.  Liquidated damages (i.e., whether Defendant acted in objective and subjective good faith in failing to compensate Plaintiff as required under the FLSA).

**11. A list and brief description of exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used in opening statement, closing argument, or any other part of the trial, other than solely for impeachment purposes, whether or not they will be offered in evidence. Separately designate those documents and exhibits which the party expects to offer and those which the party may offer.**

Plaintiff expects to offer:

  A.  Time and pay records for Plaintiff;

  B.  Damage calculations.

Plaintiff may offer the following exhibits:

  A.  Any filed document of record by Defendant in this case;

  B.  Any filed document of record by Plaintiff in this case;

  C.  Any and all documents exchanged by the Parties in this case; and

  D.  All exhibits listed in Defendant's Pretrial Disclosures.

**12. The names, addresses and telephone numbers of witnesses for the party. Separately identify witnesses whom the party expects to present and those whom the party may call. Designate witnesses whose testimony is expected to be presented via deposition and, if not taken stenographically, a transcript of the pertinent portion of the deposition testimony.**

Plaintiff expects to call the following individuals as witnesses:

A.  Plaintiff; and

B.  Any corporate representative of Defendant present in the courtroom.

Plaintiff may call:

A.  Any and all witnesses identified by or called by Defendant at any point in this case; and

B.  Any and all witnesses in the courtroom attending the trial at the request of, or on behalf of, Defendant.

**13.  The current status of discovery, a precise statement of the remaining discovery and an estimate of the time required to complete discovery.**

Discovery is complete.

**14.  An estimate of the length of trial and suggestions for expediting disposition of the action.**

Plaintiff estimates that the trial of this matter can be accomplished in one day.

Respectfully submitted,

**PLAINTIFF RICHARD MONAHAN**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com