IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**RICHARD MONAHAN**                                                                **PLAINTIFF**

vs.                                          No. 3:22-cv-129-BSM

**RED MULE EXPRESS, LLC**                                                **DEFENDANT**

**PLAINTIFF'S TRIAL BRIEF**

**I. INTRODUCTION AND BRIEF FACTUAL BACKGROUND**

This is an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the Arkansas Minimum Wage Act ("AMWA") A.C.A. § 11-4-201 et seq., to recover overtime wages owed to Plaintiff Richard Monahan, a former employee of Defendant Red Mule Express, LLC (hereinafter referred to as "Defendant").

Defendant owns and operates a gas station/convenience store located in Highland that does business as Red Mule Food Mart. Plaintiff was employed by Defendant as a Cook within the three years prior to the filing of Plaintiff's Complaint. Although Plaintiff generally worked over forty hours per week, Defendant did not pay Plaintiff overtime wages of one and one-half times his regular hourly rate as required by the FLSA and AMWA.

Plaintiff anticipates that the primary disputes at trial in this matter will be (1) the number of hours worked by Plaintiff; (2) the amounts actually paid to Plaintiff for each week; (3) the admissibility and accuracy of any records maintained by Defendant; (4) Defendant's employer status under the FLSA and AMWA; and (4) Plaintiff's entitlement to liquidated damages.

## II. ISSUES TO BE RESOLVED AT TRIAL

As a preliminary matter, Defendant admits that they employed Plaintiff as a retail service employee. Defendant disputes that they are a covered employer under the FLSA or the AMWA because they allege their gross income was less than $500,000, and that it is uncertain whether or not Plaintiff's labor regularly involved him in interstate commerce. However, Defendant admits that within the two years preceding the filing of Plaintiff's Complaint Defendant continuously employed at least four employees, which is the only requirement for coverage under the AMWA.

Plaintiff contends that any records Defendant may have maintained were both incomplete and inaccurate. Therefore, Plaintiff is entitled to certain burden-shifting provisions which would permit him to prove his hours worked through estimates based on his best recollection. It then becomes Defendant's burden to rebut the testimony of Plaintiff, which Defendant cannot do. In addition to overtime premiums, Plaintiff is entitled to liquidated damages under the FLSA because Defendant cannot carry its burden of proving that it acted in both objective and subjective good faith with respect to its failure to properly pay Plaintiff.

**A.    Plaintiff typically worked more than forty hours per week on average.**

  1. Plaintiff is entitled to prove his hours according to the burden-shifting provisions of <u>Anderson v. Mt. Clemens Pottery Co</u>.

The FLSA imposes requirements on the employer of keeping records of an employee's hours worked. 29 C.F.R. § 516.2(a)(7), 516.3. Normally, an employee who brings suit under the FLSA has the burden of proving that he performed work for which he was not properly compensated; however, that burden is relaxed where the employer has failed to fulfill its obligation of keeping accurate records containing the information

required under the FLSA. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 686–688 (1946). Without the burden-shifting provision, an employee would essentially be penalized, and the employer rewarded, for the employer's failure to comply with the record-keeping requirements of the FLSA. Id. Indeed, an employer who has failed to comply with the requirements that it maintain adequate employment records "pays for that failure at trial by bearing the lion's share of the burden of proof." Gomez v. Tyson Foods, Inc., 2013 U.S. Dist. LEXIS 142586, *30 (D. Neb. Oct. 2, 2013) (citing Secretary of Labor v. DeSisto, 929 F.2d 789, 792 (1st Cir. 1991)).

While the initial burden even under Mt. Clemens remains on the employee, "that burden is a minimal one." Id. The "proof" required under the burden-shifting provisions of Mt. Clemens may be nothing more than the employee's own credible sworn testimony, which does not have to be an exact recitation of times, dates, and hours worked to shift the burden of proof to the employer. Arias v. United States Service Industries Inc., 80 F.3d 509 (D.C. Cir. 1996). The employee may simply testify to the best of his recollection regarding the approximate amount of hours worked, and an employer who has failed to fulfill its duty under the FLSA to maintain records which could have been used to rebut the employee's testimony must bear the burden of any consequent imprecision in calculating damages. Martin v. Selker Bros., Inc., 949 F.2d 1286 (3rd Cir. 1991); Mt. Clemens, 328 U.S. at 688 ("The employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with the requirements of [the FLSA]."); Mitchell v. Reynolds, 125 F. Supp. 337 (W.D. Ark. 1954) (although the employer was free to ask employees to keep

their own records of hours, the employer did so at its own risk and having done so, did not escape its FLSA obligations).

To be clear, where the employer has failed to maintain accurate records, it is neither uncommon nor inappropriate for an employee to satisfactorily and wholly support his or her claims by offering an average range of hours worked each week. <u>Baden-Winterwood v. Life Time Fitness, Inc.</u>, 729 F. Supp. 2d 965, 991–992 (S.D. Ohio 2010) ("The Court must determine the amount of uncompensated hours each testifying plaintiff worked. That determination is by necessity imprecise, involving estimates and averages, since Defendant failed to keep records of the precise time Plaintiff worked.").

Although the <u>Mt. Clemens</u> burden-shifting provision was created under the FLSA, it is also applicable to claims under the AMWA. Arkansas regulations specifically permit reliance on the interpretations of federal precedent established under the FLSA in interpreting and applying the provisions of the AMWA and Rule 010.14-100 through 010.14-113, "except to the extent a different interpretation is clearly required." Admin. Reg. Labor Standards Div. Ark. Dep't. of Labor Rule 010.14-112. To the extent that "a different interpretation is clearly required" in this case, it is that the AMWA should be construed even more favorably to Plaintiff than the FLSA based on the AMWA's explicit directives that it "shall be liberally construed in favor of its purposes." Ark. Code Ann. § 11-4-204(b).

Here, the burden-shifting provisions of <u>Mt. Clemens</u> apply and Plaintiff is entitled to prove his damages by testifying to his hours worked merely by his recollection. Plaintiff will testify that he was regularly scheduled to and did in fact work more than 40 hours per week, despite Defendant's claim otherwise.

2. Plaintiff is entitled to an overtime premium for all hours worked over forty per week.

The FLSA creates certain financial obligations upon employers such as Defendant, including the requirements of minimum wages and that for every hour worked in excess of a certain limit, generally forty (40) hours per week, the employer must pay a premium rate of one-and-one-half times the employee's regular hourly rate. 29 U.S.C. § 206, 207. The AMWA likewise provides for minimum wages and overtime pay.

Plaintiff estimates that he typically worked an average of fifty-five or more hours per week during his employment with Defendant. Under Mt. Clemens, the burden then shifts to Defendant to show if, and in what specific weeks, Plaintiff did not work his typical hours.

**B.    Defendant failed to pay Plaintiff proper overtime for all his hours worked over forty per week.**

Plaintiff claims that Defendant adopted a typical practice of paying a flat rate for all hours worked. Defendant simply contends that Plaintiff did not work the overtime hours he claims and, that if he did, Defendant told Plaintiff he would not be paid overtime, but Plaintiff chose to do so. Plaintiff disputes that he did not work overtime hours or that Defendant was unaware he was working overtime hours. Additionally, Defendant's claim that he told Plaintiff he would not be paid overtime if he worked more than 40 hours per week is not a valid defense because Defendant allowed it, benefited from it, and had a duty to exercise control and see that work is not performed if it did not want it to be performed.

**C. Plaintiff is entitled to an award of liquidated damages.**

When an employer is found to have violated the overtime and minimum wage requirements of the FLSA, the employer "shall be liable" to the employee for liquidated damages in an amount equal to the amount of overtime compensation owed. 29 U.S.C. § 216. Liquidated damages are not penal in nature but represent compensation to the employee for otherwise obscure and difficult to prove damages. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1945). Subject to the discretion of the Court, an employer may be wholly or partially relieved of his duty to pay liquidated damages only if the employer proves "that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act." 29 U.S.C. § 260.

An employer who violates the FLSA carries the burden of proving its claim of good faith and reasonable grounds, and the employer must show that it acted in both objective and subjective good faith, which requires that an employer demonstrate that it "took affirmative steps to ascertain the [FLSA's] requirements but nonetheless violated its provisions." Martin v. Ind. Mich. Power Co., 381 F.3d 574, 584 (6th Cir. 2004); Rodriguez v. Farm Stores Grocery, Inc., 518 F.3d 1259, 1272 (11th Cir. 2008). Liquidated damages are "the norm" where an FLSA violation is found. Id.

Defendant will not be able to carry its burden of proving that it acted in both objective and subjective good faith. The minimum wage and overtime provisions of the FLSA are some of the most fundamental and commonly-known protections offered to employees. Defendant's failure to pay overtime premiums is inexcusable.

Respectfully submitted,

**PLAINTIFF RICHARD MONAHAN**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com