IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**RICHARD MONAHAN**                                                                                          **PLAINTIFF**

vs.                                                       No. 3:22-cv-129-BSM

**RED MULE EXPRESS, LLC**                                                                                 **DEFENDANT**

### PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff Richard Monahan, by and through his attorneys Sean Short and Josh Sanford of Sanford Law Firm, PLLC, for his Proposed Findings of Fact and Conclusions of Law, does hereby state and allege as follows:

### I. PROPOSED FINDINGS OF FACT

1. Within the three years preceding the filing of Plaintiff's Complaint, Defendant Red Mule Express, LLC, employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

2. During each of the three years preceding the filing of the Original Complaint, Defendant continuously employed at least four (4) employees.

3. In the course of performing his work for Defendant, Plaintiff regularly handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

4. Plaintiff participated in interstate commerce as part of his job by ordering food and supplies that have been produced and purchased out-of-state.

5. Defendant directly hired Plaintiff to work on its behalf, paid him wages and benefits, controlled his work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

6. Defendant employed Plaintiff as an hourly-paid Cook from August of 2021 until March of 2022.

7. Plaintiff worked in the kitchen as the cook, preparing fried foods, burgers, pizzas and other prepared foods Defendant offered to its customers.

8. Plaintiff regularly worked over forty hours in a week.

9. Plaintiff was generally scheduled to work from 9:00 am to 6:00 pm, although these times could fluctuate depending on the week and Defendant's needs.

10. Plaintiff arrived at work at 7:30 or 8:00 am to prepare foods and have them ready for the lunch rush, starting at 10 am. Plaintiff worked straight through lunch, continuing to prepare foods for the dinner rush. Following dinner, Plaintiff oftentimes cleaned the kitchen area and prepped the setup for the following day.

11. Plaintiff did not take lunch or other breaks during the day.

12. Plaintiff oftentimes worked past his 6:00 pm shift-end. The dinner rush rarely, if ever, ended before 6:30 pm, and Plaintiff was required to prepare and serve food until there were no more customers waiting to be served. Plaintiff regularly prepared food and served customers until 7:00 pm or later.

13. Plaintiff was required to clean the kitchen area and prep for the next day no matter when he finished serving customers. Plaintiff regularly worked until 8:00 or 8:30 pm and sometimes even as late as 10 pm.

14. Defendant paid Plaintiff his regular rate of $11.00 per hour for all hours

worked.

15. Defendant failed to pay Plaintiff an overtime premium for hours worked over forty each week.

16. At Defendant's direction, Plaintiff kept track of his time via paper timesheet.

17. Defendant did not preserve and maintain the records of hours worked by Plaintiff.

18. Plaintiff worked an average of at least fifty-five hours per week each week during his tenure of employment with Defendants.

19. Plaintiff's tenure of employment with Defendant lasted approximately 30 weeks.

20. Plaintiff's back wages are, therefore, calculated as follows:

30 weeks x (15 hours overtime per week x $5.50 per hour) = $2,475.00.

21. At all relevant times, Defendant knew Plaintiff was consistently working overtime hours each week.

22. At all relevant times, Defendant knew the FLSA and AMWA required payment of an "overtime premium" for all hours worked over forty per week and "minimum wages" for all hours worked.

23. At all relevant times, Defendant knew it was not paying the overtime premium required under the FLSA and AMWA.

24. Defendant did not take any affirmative steps to comply with the FLSA.

25. Defendant had no objective or subjective reasons for believing it in compliance with the FLSA or the AMWA.

26. Defendant shorted Plaintiff's pay in order to increase its own profit without

regard for Plaintiff's rights or the law.

27. Defendant knew that they were required by the AMWA to pay Plaintiff an overtime premium for all hours worked over forty per week and knew that Plaintiff was in fact working over forty hours per week and not being paid a lawful overtime wage, yet willfully and without any justification failed to compensate Plaintiff accordingly.

## II. PROPOSED CONCLUSIONS OF LAW

1. Jurisdiction and venue are proper in this Court.

2. Defendant is a covered employer under the FLSA.

3. Defendant is a covered employer under the AMWA.

4. Plaintiff was a non-exempt employee entitled to the rights and benefits of employees under the FLSA and AMWA throughout his tenure at Red Mule Express, LLC.

5. The FLSA requires that an employee receive one and one-half times the employee's regular rate for all hours worked in excess of forty per week. 29 U.S.C. § 207.

6. Defendant violated the FLSA and AMWA by not properly paying Plaintiff overtime wages of one and one-half times Plaintiff's regular rates for all hours worked in excess of forty per week.

7. As Defendant's records of Plaintiffs' hours worked are incomplete, Plaintiff is entitled to prove his time worked by stating to the best of hsi recollection the approximate amount of hours worked. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

8. Defendant has not met its burden of negating Plaintiff's good faith estimate regarding the approximate number of hours worked by Plaintiff.

9. Defendant is liable to Plaintiff for his back wages of $2,475.00.

10. Plaintiff is entitled to liquidated damages in an amount equal to his damages set forth above as authorized by the FLSA because Defendant did not demonstrate its actions in failing to properly compensate Plaintiff was in good faith and with reasonable grounds.

11. Because Defendant carries the burden of proving good faith for liquidated damages purposes under the FLSA, liquidated damages are awarded as Defendant's decisions were not made in both objective and subjective good faith.

12. Because Defendants knew that they were required by the AMWA to pay Plaintiff an overtime premium for all hours worked over forty per week and knew that Plaintiff was in fact working over forty hours per week, yet willfully and without any justification failed to compensate Plaintiff accordingly, Plaintiff is entitled to liquidated damages pursuant to Ark. Code Ann. § 11-2-218(a)(2).

13. Defendant is therefore liable to Plaintiff for liquidated damages in the amount of $2,475.00.

14. Plaintiff has incurred attorney's fees in an effort to assert his rights under the FLSA and AMWA, and by law such reasonable attorney's fees should be paid by Defendant.

15. Plaintiff has incurred costs in an effort to assert his rights under the FLSA and AMWA, and by law those costs should be paid by Defendant.

16. In total, Defendant is liable to Plaintiff, and this Court renders judgment as follows:

    a. Defendant is liable to Plaintiff for his back wages of $2,475.00, and for his liquidated damages of $2,475.00., for a total of $4,950.00.

       Respectfully submitted,

       **PLAINTIFF RICHARD MONAHAN**

       SANFORD LAW FIRM, PLLC
       Kirkpatrick Plaza
       10800 Financial Centre Parkway, Suite 510
       Little Rock, Arkansas 72211
       Telephone: (501) 221-0088
       Facsimile: (888) 787-2040

       Sean Short
       Ark. Bar No. 2015079
       sean@sanfordlawfirm.com

       Josh Sanford
       Ark. Bar No. 2001037
       josh@sanfordlawfirm.com