IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**RICHARD MONAHAN**                                                                        **PLAINTIFF**

vs.                                               No. 3:22-cv-129-BSM

**RED MULE EXPRESS, LLC**                                                      **DEFENDANT**

## <u>RESPONSE TO MOTION TO DISMISS</u>

Defendant's Motion to Dismiss (ECF No. 39) is 368 days too late. *See* Scheduling Order, ECF No. 8 (setting the dispositive motions deadline for September 25, 2023). This is Defendant's third Motion to Dismiss filed in this case; the first, which was filed three months after the Court entered a final scheduling order, was denied as moot because Plaintiff amended his Complaint, and the second was denied. *See* Order, ECF No. 24. Other than these requests for dismissal, Defendant has only perfunctorily participated in the litigation of this case by agreeing to a request for a referral to magistrate settlement conference in January of this year and then failing to offer any dates in which it would be available. At the same time Defendant agreed to a magistrate settlement conference, Defendant mailed a check to Plaintiff through Plaintiff's counsel, ostensibly as an attempt to settle Plaintiff's claims. Plaintiff did not cash the check. Now, with trial set to begin 10 days from now, Defendant has filed his third request for dismissal, claiming that the undeposited check sent to Plaintiff's counsel nine months ago is a full payment of Plaintiff's claimed back wages, and that this payment meets the entirety of his obligations under the FLSA.

Aside from the untimeliness of the Motion to Dismiss, which alone warrants

denial, Defendant's request for dismissal must be denied because settlements under the FLSA are subject to judicial review. *See Barbee v. Big River Steel, LLC*, 927 F.3d1024, 1026-27 (8th Cir. 2019). In reviewing a settlement of a private FLSA claim, the Court must scrutinize the proposed settlement for fairness and determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350,1355 (11th Cir.1982); *see also Hogan v. Nursing*, No. 6:20-cv-06130, 2022 U.S. Dist. LEXIS 225976 at *3 (W.D. Ark. Nov. 17, 2022). The Court should approve the settlement when it "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages[] that are actually in dispute." *Lynn's Food Stores*, 679 F.2d at 1354; *Greenlaw v. B & M Mgmt. Co. of Alabama, LLC*, 4:20-cv-1286-DPM, 2022 U.S. Dist. LEXIS 34935 at *1 (E.D. Ark. Feb. 28, 2022.) (approving a proposed settlement because "[i]t reflects a good-faith compromise of contested overtime compensation disputes.").

Defendant's one-sided attempt to settle Plaintiff's claims does not reflect a reasonable compromise over the issues, nor was it reached by a fair and reasonable resolution, regardless of whether the dispute was bona fide. Plaintiff's claims are not fully settled because a) Plaintiff disputes that $429.00 is an accurate reflection of his overtime owed, and b) Plaintiff did not accept the check Defendant sent to Plaintiff's counsel in January. Accordingly, Defendant's Motion to Dismiss must be denied and this case should proceed to trial.

Respectfully submitted,

**PLAINTIFF RICHARD MONAHAN**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com