726 F.3d 85 (2013)

Ramona DeJESUS, Plaintiff-Appellant,

v.

HF MANAGEMENT SERVICES, LLC, Defendant-Appellee.

Docket No. 12-4565.

United States Court of Appeals, Second Circuit.

Argued: April 30, 2013.
Decided: August 5, 2013.

Abdul K. Hassan, Queens Village, NY, for Plaintiff-Appellant.

Seth L. Levine (Scott B. Klugman, on the brief), Levine Lee LLP, New York, New York; Andrew P. Marks, Littler Mendelson P.C., New York, NY, for Defendant-Appellee.

Before: JACOBS, Chief Judge, SACK, Circuit Judge, and RAKOFF, District Judge.[*]

86  *86 SACK, Circuit Judge:

This is the third in a series of recent decisions by this Court addressing the question of the adequacy of pleadings alleging that defendant health-care companies failed to pay their employees for overtime work as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(1). See Nakahata v. New York-Presbyterian Healthcare Sys., Inc., No. 11-0734, 723 F.3d 192, 2013 WL 3743152 (2d Cir. July 11, 2013); Lundy v. Catholic Health Sys. of Long Island, 711 F.3d 106 (2d Cir.2013). They each reflect a tension among, inter alia, (1) the frequent difficulty for plaintiffs in such cases to determine, without first having access to the defendant's records, the particulars of their hours and pay in any given time period; (2) the possible use by lawyers representing plaintiffs in such cases of standardized, barebones complaints against any number of possible defendants about whom they have little or no evidence of FLSA violations for the purpose of identifying a few of them who might make suitable defendants—which is to say, the ability to engage in "fishing expeditions"; and (3) the modern rules of pleading established by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

## BACKGROUND

Ramona Dejesus was employed in the Borough of Queens, New York, by HF Management Services, LLC ("Healthfirst"), a company that provides support and administrative services to not-for-profit health-care organizations. Dejesus brought the action that is the subject of this appeal on March 15, 2012, in the United States District Court for the Eastern District of New York, claiming that Healthfirst failed to pay her overtime wages under the FLSA and the New York Labor Law ("NYLL").

Dejesus alleged that she was a wage-earning employee of Healthfirst for the three years preceding August 2011, during which time she promoted the insurance programs Healthfirst offered and recruited members of the public to sign up for Healthfirst's services. Compl. ¶¶ 19-20. As a part of her wage agreement, Dejesus was entitled to receive a commission for each person she recruited to join Healthfirst's programs, in addition to her noncommission wage. Id. ¶ 21.

Dejesus also alleged that she worked more than forty hours per week during "some or all weeks" of her employment and, in violation of the FLSA, through April 2011 was not paid at a rate of at least 1.5 times her regular wage for each hour in excess of forty hours.[1] Id. ¶ 24. She relied on the FLSA's provision stating that employers are not permitted to "employ any ... employees ... for a workweek longer than forty hours unless such employee receives compensation for his [or her] employment in excess of [forty hours] at a rate not less than one and one-half times the regular rate at which he [or she] is employed." 29 U.S.C. § 207(a)(1).[2]

Exhibit A

87 *87 Dejesus also alleged that there were weeks in which she was paid for her overtime hours but in which Healthfirst "failed to include the commission payments in the calculation of [her] overtime pay." Compl. ¶ 27.

On May 7, 2012, Healthfirst filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Dejesus was exempt from the overtime protections of the FLSA because she was an outside salesperson and that her claim was not properly stated.

The district court (Edward R. Korman, *Judge*) granted the motion to dismiss. *Dejesus v. HF Management Services., LLC,* No. 12-cv-1298, 2012 WL 5289571 (E.D.N.Y. Oct. 23, 2012). The court explained that to properly state a claim, Dejesus was required to allege that: "(1) she was an employee eligible for overtime pay; and (2) that she actually worked overtime without proper compensation." *Id.* at *1, 2012 U.S. Dist. LEXIS 152263, at *3.

The district court concluded that Dejesus had satisfied neither requirement. She had "fail[ed] to set forth the precise position she held, any approximation of the number of unpaid overtime hours worked, her rate of pay, or any approximation of the amount of wages due." *Id.* at *2, 2012 U.S. Dist. LEXIS 152263, at *4. Listing her duties as a "promoter," Dejesus had not sufficiently alleged that she was an "employee" within the meaning of the FLSA; and adding a "sole allegation" that she worked more than forty hours "in some or all weeks," she had failed to make any approximation of her hours that would render her claim plausible rather than merely conceivable. *Id.* at *2, 2012 U.S. Dist. LEXIS 152263, at *4-*5. In arriving at its conclusions, the court relied on other district court decisions requiring plaintiffs to approximate overtime hours allegedly worked. *Id.* at *1, 2012 U.S. Dist. LEXIS 152263, at *4.

The district court dismissed Dejesus's claims without prejudice, providing her the opportunity to "replead to correct the complaint's defects." *Id.* at *2, 2012 U.S. Dist. LEXIS 152263, at *5. Dejesus chose not to replead, disclaimed any intent to amend her complaint, and, instead, on November 11, 2012, filed a notice of appeal. By disclaiming intent to amend, she rendered the district court's otherwise non-final order "final" and therefore immediately appealable. *See Slayton v. Am. Express Co.,* 460 F.3d 215, 224-25 (2d Cir.2006).

# DISCUSSION

## I. Governing Legal Standards

"We review the District Court's dismissal of a complaint pursuant to Rule 12(b)(6) *de novo,* accepting all the factual allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff." *Doe v. Guthrie Clinic, Ltd.,* 710 F.3d 492, 495 (2d Cir.2013) (citation omitted). The "complaint must [nonetheless] contain sufficient factual matter, accepted as true, to `state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must therefore contain more than "`naked assertion[s]' devoid of `further factual enhancement.'" *Id.* (quoting *Twombly,* 550 U.S. at 557, 127 S.Ct. 1955) (alteration in original). Pleadings that contain "no more than conclusions ...

88 are *88 not entitled to the assumption of truth" otherwise applicable to complaints in the context of motions to dismiss. *Id.* at 679.

## II. Whether Dejesus Adequately Alleged Overtime

We agree with the district court that Dejesus did not plausibly allege that she worked overtime without proper compensation under the FLSA, and on that basis, affirm the judgment of the district court.

Section 207(a)(1) of the FLSA requires that "for a workweek longer than forty hours," an employee working "in excess of" forty hours shall be compensated for those excess hours "at a rate not less than one and one-half times the regular rate at which [she or] he is employed." 29 U.S.C. § 207(a)(1).

In *Lundy v. Catholic Health System of Long Island,* 711 F.3d 106 (2d Cir.2013), we considered "the degree of specificity"

required to make a section 207(a)(1) FLSA overtime claim plausible. *Id.* at 114. We noted that federal courts had "diverged somewhat on the question," *id.,* with some requiring an approximation of the total number of uncompensated hours in a given workweek, *see, e.g.,* Nichols v. Mahoney, 608 F.Supp.2d 526, 547 (S.D.N.Y.2009), and others not requiring any estimate of overtime, but simply an allegation that the plaintiff worked some amount in excess of forty hours, *see, e.g.,* Butler v. DirectSat USA, LLC, 800 F.Supp.2d 662, 667-68 (D.Md.2011).

Formulating our own standard, we concluded that "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy,* 711 F.3d at 114. We also observed that "[d]etermining whether a plausible claim has been pled is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (internal quotation marks omitted). We therefore declined to make an approximation of overtime hours a necessity in all cases. We remarked, however, that an approximation "may help draw a plaintiff's claim closer to plausibility." *Id.* at 114 n. 7.

Applying that standard, we reasoned that the *Lundy* plaintiffs had failed to allege that they worked uncompensated overtime because, although the employees went to some lengths to approximate the hours they typically worked, even setting out their typical breaks and shift lengths, the hours alleged did not add up to a claim that over forty hours had been worked in any particular week.[3] The allegations in *89 *Lundy* thus failed because of arithmetic: tallying the plausible factual allegations, we could not get beyond forty hours in any given week, and therefore to a plausible claim for overtime.

89

Very recently, we had occasion to revisit this issue. Nakahata v. New York-Presbyterian Healthcare System, Inc., No. 11-0734, 723 F.3d 192, 199-203, 2013 WL 3743152, *4-*6, 2013 U.S.App. LEXIS 14128, *15-*21 (2d Cir. July 11, 2013). In *Nakahata,* the plaintiffs also had alleged uncompensated work during meal breaks, training sessions, and extra shift time as evidence of an overtime violation without demonstrating how these instances added up to forty or more hours in a given week. *Id.* at 201, 2013 WL 3743152, at *5. We therefore concluded that the allegations lacked the "specificity" required, because though they "raise[d] the possibility" of an overtime claim, "absent any allegation that Plaintiffs were scheduled to work forty hours in a given week," they did not state a plausible claim for relief. *Id.,* 723 F.3d at 201, 2013 WL 3743152, at *5.

Dejesus provided less factual specificity than did the plaintiffs in *Lundy* or *Nakahata,* although she made allegations of more widespread improper behavior by the defendant. She did not estimate her hours in any or all weeks or provide any other factual context or content. Indeed, her complaint was devoid of any numbers to consider beyond those plucked from the statute. She alleged only that in "some or all weeks" she worked more than "forty hours" a week without being paid "1.5" times her rate of compensation, Compl. ¶ 24, no more than rephrasing the FLSA's formulation specifically set forth in section 207(a)(1). Whatever the precise level of specificity that was required of the complaint, Dejesus at least was required to do more than repeat the language of the statute.[4]

In this regard, Dejesus's claim is similar to one that the First Circuit recently confronted. There, the plaintiffs had alleged that they "regularly worked" more than forty hours a week and were not properly compensated. Pruell v. Caritas Christi, 678 F.3d 10, 12 (1st Cir.2012). The court concluded that such a formulation was "one of those borderline phrases" that while not stating an "ultimate legal conclusion[]," was "nevertheless so threadbare or speculative that [it] fail[ed] to cross the line between the conclusory and the factual." *Id.* at 13 (internal quotation marks omitted). "Standing alone," the panel reasoned, the allegation was "little more than a paraphrase of the statute." *Id.* Like the allegations in *Iqbal,* the ones in *Pruell* were "too meager, vague, or conclusory" to survive a motion to dismiss. *Id.* (internal quotation marks omitted).

The First Circuit's reasoning is persuasive. Dejesus's complaint tracked the statutory language of the FLSA, lifting its numbers and rehashing its formulation, but alleging no particular facts sufficient to raise a plausible inference of an FLSA overtime violation. Her FLSA and NYLL[5] claims were therefore inadequate and properly dismissed.

90

*90 *Lundy*'s requirement that plaintiffs must allege overtime without compensation in a "given" workweek, 711 F.3d at 114, was not an invitation to provide an all-purpose pleading template alleging overtime in "some or all workweeks." It was designed to require plaintiffs to provide some factual context that will "nudge" their claim "from conceivable to plausible." *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955. While this Court has not required plaintiffs to keep careful records and plead their hours with mathematical precision, we have recognized that it is employees' memory and experience that lead them to claim in federal court that they have been denied overtime in violation of the FLSA in the first place.

Our standard requires that plaintiffs draw on those resources in providing complaints with sufficiently developed factual allegations.

In reaching this conclusion, we would be less than candid if we did not register our concern about the failure of the plaintiff, through counsel, at least to attempt to amend her complaint to add specifics while the district court kept the door open for her to do so.[6] We would like to believe that the decision not to amend was made for some reason that benefitted Dejesus, rather than as an effort on counsel's part to obtain a judicial blessing for plaintiffs' counsel in these cases to employ this sort of bare-bones complaint.

## III. Whether Dejesus Adequately Alleged Employment Status

We conclude that the judgment of the district court must be affirmed because, as the court held, Dejesus's pleading that she worked overtime without proper compensation under the FLSA was inadequate. We therefore need not decide whether the district court was also correct when it first concluded that Dejesus had not sufficiently alleged that she was an "employee" of Healthfirst within the meaning of the FLSA. We nonetheless offer our views on the issue as guidance for the district courts in light of the spate of similar litigation within this Circuit, the fact that the issue has been fully briefed and argued on appeal, and because we disagree with the district court's conclusion on the point.

Under the statute, an "employee" is "any individual employed by an employer," 29 U.S.C. § 203(e)(1), and an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee," id. § 203(d). To "employ" means "to suffer or permit to work." Id. § 203(g).

In her complaint, Dejesus alleged that she "worked for defendant Health First," Compl. ¶ 11, and was "employed by defendant for about three years," id. ¶ 20, as "an hourly employee," id. ¶ 22. She also alleged that she was "employed by defendant within the meaning of the FLSA." Id. ¶ 29. She added that as such an employee, she worked "to promote insurance programs to the public and to recruit members of the public to join those insurance programs." Id. ¶ 19. And she explained her wage structure ("a commission for each person recruited to join the insurance programs promoted by defendant, in addition to a regular non-commission wage"). Id. ¶ 21. Dejesus therefore alleged facts both about her

91  employment status and duties in order to support the inference *91 that she was an employee within the meaning of the FLSA.

The Supreme Court has referred to the "striking breadth" of the FLSA's definition of the persons who are considered to be employees. Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 326, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992); see also Rutherford Food Corp. v. McComb, 331 U.S. 722, 729, 67 S.Ct. 1473, 91 L.Ed. 1772 (1947) ("This Act contains its own definitions, comprehensive enough to require its application to many persons and working relationships, which prior to this Act, were not deemed to fall within an employer-employee category." (internal quotation marks omitted)); accord Frankel v. Bally, Inc., 987 F.2d 86, 89 (2d Cir.1993) (noting that in light of "the expansive nature of the FLSA's definitional scope and the remedial purpose underlying the legislation," courts, including the Supreme Court, have construed the statute to reach beyond the common law standard for determining employee status).

In light of this broad interpretation of "employee" under the statute, we have "treated employment for FLSA purposes as a flexible concept." Barfield v. N.Y. City Health & Hosps. Corp., 537 F.3d 132, 141 (2d Cir.2008); see also Benshoff v. City of Virginia Beach, 180 F.3d 136, 140 (4th Cir.1999)(concluding that employment "is to be determined by its commonly understood meaning"). And, in the context of a motion to dismiss, district courts in this Circuit have therefore found that complaints sufficiently allege employment when they state where the plaintiffs worked, outline their positions, and provide their dates of employment. See, e.g., DeSilva v. North Shore-Long Island Jewish Health Sys., 770 F.Supp.2d 497, 508 (E.D.N.Y.2011); Zhong v. August Corp., 498 F.Supp.2d 625, 628 (S.D.N.Y.2007) (where a plaintiff alleging that he "was an employee" in multiple places was found to have provided a reasonable inference that the relationship was one covered by the statute).

Here, Dejesus detailed where she worked, providing Healthfirst's address and its corporate purposes. Compl. ¶¶ 9-10, 18. She outlined what her position as a "promoter" generally entailed, describing her responsibilities and the pay structure. Id. ¶¶ 19-21. And she provided her dates of employment. Id. ¶¶ 11-13. In addition, she alleged that she was an hourly employee "within the meaning of the FLSA." Id. ¶ 29. She thus, in our view, adequately pled that she was an

employee and Healthfirst was her employee under the FLSA, especially in light of the expansive scope of the definition employed in the statute.[7] Cf. DeSilva, 770 F.Supp.2d at 508 (concluding similar allegations constituted adequate pleading of employee status).

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

[*] Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

[1] Dejesus did receive overtime wages for her work after April 2011, but allegedly not for the nearly three years prior.

[2] Section 207(a)(1) reads in its entirety:

Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

[3] For example, when discussing one plaintiff, we observed:

Wolman was "typically" scheduled to work three shifts per week, totaling 37.5 hours. She "occasionally" worked an additional 12.5-hour shift or worked a slightly longer shift, but how occasionally or how long, she does not say; nor does she say that she was denied overtime pay in any such particular week. She alleges three types of uncompensated work: (1) 30-minute meal breaks which were "typically" missed or interrupted;

(2) uncompensated time before and after her scheduled shifts, "typically" resulting in an additional 15 minutes per shift; and (3) trainings "such as" a monthly staff meeting, "typically" lasting 30 minutes, and [] training consisting of, "on average," 10 hours per year.

She has not alleged that she ever *completely* missed *all three* meal breaks in a week, or that she also worked a full 15 minutes of uncompensated time around *every shift;* but even if she did, she would have alleged a total 39 hours and 45 minutes worked. A monthly 30-minute staff meeting ... could theoretically put her over the 40-hour mark in one or another unspecified week ... but her allegations supply nothing but low-octane fuel for speculation, not the plausible claim that is required.

Lundy, 711 F.3d at 114-15 (internal citations omitted) (emphases in original).

[4] Nor does Dejesus's allegation in paragraph 27 of her complaint regarding the calculation of overtime payments (in the weeks when she allegedly received them) contain sufficient factual specificity. Among other things, Dejesus alleges neither the number of weeks during which Healthfirst improperly calculated her overtime pay, nor which weeks they were.

[5] In light of the fact that "[t]he relevant portions of New York Labor Law do not diverge from the requirements of the FLSA," our conclusions below about the FLSA allegations "appl[y] equally to [the NYLL] state law claims." Whalen v. J.P. Morgan Chase & Co., 569 F.Supp.2d 327, 329 n. 2 (W.D.N.Y.2008), rev'd on other grounds sub nom., Davis v. J.P. Morgan Chase & Co., 587 F.3d 529 (2d Cir. 2009).

[6] Cf. Nakahata, 723 F.3d at 198, 2013 WL 3743152, at *3 ("[W]e will not deem it an abuse of the district court's discretion to order a case closed when leave to amend has not been sought." (internal quotation marks omitted)).

[7] We also agree with Dejesus that she was not required to plead facts at this stage of the proceedings to support her position that she was a non-exempt employee, that is, one who falls outside of the FLSA's exemptions. A claim of exemption under the FLSA is an affirmative defense, and the employer bears the burden of proof in making any such claim. See, e.g., Corning Glass Works v. Brennan, 417 U.S. 188, 196, 94 S.Ct. 2223, 41 L.Ed.2d 1 (1974); Martin v. Malcolm Pirnie, Inc., 949 F.2d 611, 614 (2d Cir.1991). We think, contrary to Dejesus's position, however, that the district court properly recognized this when it observed that a "claim of exemption under the FLSA is an affirmative defense, on which the employer bears the burden of proof." Dejesus, 2012 WL 5289571, at *2, 2012 U.S. Dist. LEXIS 152263, at *6.

Save trees - read court opinions online on Google Scholar.