## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

RICHARD MONAHAN                                                PLAINTIFF

v.                              CASE NO. 3:22-CV-00129-BSM

RED MULE EXPRESS, LLC                                          DEFENDANT

## <u>ORDER</u>

Having listened to the testimony and reviewed the exhibits introduced into evidence at the November 18, 2024, bench trial, verdict is entered for Richard Monahan against Red Mule Express, LLC, in the amount of $3,848.46.

## I.  CONCLUSIONS OF LAW

The Fair Labor Standards Act (FLSA) and the Arkansas Minimum Wage Act (AMWA) require employers to pay employees a standard minimum wage of $11 per hour for forty hours and to pay them a rate of time-and-a-half for every hour worked over forty in a workweek.  *See* 29 U.S.C. § 206(a)(1)(C); 29 U.S.C. § 207(a)(2); Ark. Code Ann. § 11-4-210(a)(3); Ark. Code Ann. § 11-4-211(a).  Employees bringing FLSA cases must show that they were not compensated for the work they performed.  *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946).  Employers, however, are required to keep proper records.  *Id.* at 687; Ark. Code Ann. § 11-4-217(a).  When an employer fails to keep adequate records and the employee shows that he was not properly compensated, the burden "shifts to the employer to come forward with evidence of the precise amount of work performed." *Anderson*, 328 U.S. at 687.  When an employer does not meet this burden, the employee is

to be compensated "on the most accurate basis possible." *Dole v. Tony & Susan Alamo Found.*, 915 F.2d 349, 351 (8th Cir. 1990). The FLSA also provides for an award of liquidated damages equal to the amount of unpaid compensation to remedy an employer's violations. *See* 29 U.S.C. § 216(b); *see also Cross v. Arkansas Forestry Comm'n*, 938 F.2d 912, 917 (8th Cir. 1991).

## II. FINDINGS OF FACT

Red Mule is a covered employer under the FLSA and AMWA. Monahan worked for Red Mule from August 2021 to March 11, 2022. Monahan testified that, when he was hired, the store owner told him that he would be paid $12 per hour, but when he started working, the store owner told him that he would be paid like a New Yorker, $400 to $450 per week in cash directly from the cash register. This testimony is contradicted by Monahan's pay stubs for check numbers 114, 116, and 120, which show that Monahan was paid $11 per hour by check for the thirty hours worked in each of those weeks.

At some point, the parties had a dispute over Monahan's pay. Determining the accuracy of the parties' claims is difficult because, except for his three pay stubs and six weeks of time sheets, Red Mule failed to maintain any records of the time worked by Monahan.

Monahan testified that he worked an average of fifty to sixty-five hours per week. This, however, is not supported by his pay stubs, and his time sheets show the following: (1) December 31, 2021 to January 6: 13 hours and 35 minutes of overtime (worked 53 hours, 35 minutes); (2) January 7 to January 13: no overtime worked; (3) January 14 to January 20: 4

2

hours of overtime (worked 44 hours); (4) January 21 to January 27: no overtime (worked 39 hours, 19 minutes); (5) January 28 to February 3: no overtime (worked 38 hours, 41 minutes); and (6) February 4 to February 10: 7 hours and 33 minutes of overtime (worked 47 hours, 33 minutes).  Monahan worked overtime in half of the weeks covered by the time sheets.  He averaged 8.33 hours of overtime in the weeks in which he worked overtime. Monahan, however, testified that the time sheets are not representative of the overtime he worked because he worked sixty hours in five or six weeks, and seventy hours in one week.

## III.  DETERMINATION

Monahan worked for Red Mule for 28 weeks and worked overtime in half of those weeks.  During the fourteen weeks in which he worked overtime, he averaged 8.33 hours of overtime.  Based on his pay stubs, he was paid $11 per hour, which comports with the AMWA.  The AMWA also requires an overtime rate of $16.50 per hour.  Fourteen weeks multiplied by 8.33 hours multiplied by $16.50 per hour, produces unpaid overtime of $1,924.23.  Red Mule is therefore ordered to pay $1,924.23 to Monahan for unpaid overtime and $1,924.23 in liquidated damages, for a total of $3,848.46.  Monahan has fourteen days to file his petition for attorney's fees.  Fed. R. Civ. P. 54(d)(2)(B)(i).

IT IS SO ORDERED this 20th day of December, 2024.

_____
UNITED STATES DISTRICT JUDGE