IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**RICHARD MONAHAN**                                                      **PLAINTIFF**

vs.                              No. 3:22-CV-00129-BSM

**RED MULE EXPRESS, LLC**                                             **DEFENDANT**

**CENTENNIAL BANK**                                                    **GARNISHEE**

## BRIEF IN SUPPORT OF MOTION FOR ENTRY OF ORDER TO DISBURSE FUNDS

A writ of garnishment is a suit directed to a third party to determine whether the third party possesses property of the judgment debtor. *Moory v. Quadras, Inc.*, 333 Ark. 624, 970 S.W.2d 275 (1998); *New York Life Ins. Co. v. Cherry*, 185 Ark. 984, 50 S.W.2d 584 (1932). The effect of the service of a writ of garnishment is to impound all property in the hands of the third-party garnishee that belongs to the judgment debtor at the time of the service, or that may thereafter come into his or her possession up until the filing of a true and correct answer. *Harris v. Harris*, 201 Ark. 684, 146 S.W.2d 539 (1941). A writ of garnishment reaches all property of the judgment debtor in the hands of the third-party garnishee. Ark. Code Ann. § 16-110-401 provides in pertinent part:

> (a)(1) In all cases where any plaintiff may begin an action in any court of record, or before any justice of the peace, or may have obtained a judgment before any of the courts, *and the plaintiff shall have reason to believe that any other person is indebted to the defendant or has in his hands or possession goods and chattels, moneys, credits, and effects belonging to the defendant, the plaintiff may sue out a writ of garnishment,* setting forth the claim, demand, or judgment and commanding the officer charged with the execution thereof

to summon the person therein named as garnishee, to appear at the return day of the writ and answer what goods, chattels, moneys, credits, and effects he may have in his hands or possession belonging to the defendant to satisfy the judgment, and answer such further interrogatories as may be exhibited against him.

Ark. Code Ann. § 16-110-401 (emphasis added). The procedural requirements for a writ of garnishment are laid out in Ark. Code Ann. § 16-110-401, and include specific notice language and service requirements. Ark. Code Ann. § 16-110-401(a), (b). "Strict compliance with garnishment statutes and judicial process is essential to the validity of garnishment proceedings," and only the court in which the judgment was rendered has authority to issue a garnishment thereon unless provided otherwise by statute. *Hervey v. Farms, Inc.*, 252 Ark. 881, 883, 481 S.W.2d 348, 349 (1972)

Plaintiff complied with the procedural requirements of Ark. Code Ann. § 16-110-401. Specifically, the required notice language was included in the Writ of Garnishment, as permitted by Ark. Code Ann. § 16-110-401(a)(2). *See* Writ of Garnishment. ECF No. 81. In addition, the Writ of Garnishment, along with Plaintiff's Allegations and Interrogatories to Garnishee Centennial Bank were properly served in the "same manner as a writ of summons" as required by the garnishment statutes. *See* Garnishee's Answers to Writ of Garnishment. ECF No. 83; Ark. Code Ann. § 16-110-401(b)(1)(A).

Plaintiff also filed his Allegations and Interrogatories to Garnishee Centennial Bank on the same day he requested the Writ of Garnishment. *See* Allegations and Interrogatories (ECF No. 81). Garnishee Centennial Bank subsequently responded to the Allegations and Interrogatories, admitting that it holds funds belonging to Defendant. *See* Garnishee's Answers to Writ of Garnishment. ECF No. 83.

Accordingly, this Court should find that Plaintiff has complied with all of the

procedural requirements demanded of him such that an Order directing Garnishee Centennial Bank to disburse the funds at issue should be entered in this case.

## DEFENDANT'S RESPONSE RAISES NO COGNIZABLE OBJECTION TO THE WRIT

On April 13, 2026, Defendant filed a Response to the Application for Writ of Garnishment. ECF No. 82. Defendant's Response raises no legal basis to challenge the writ or to withhold disbursement of the garnished funds. Rather than identifying any procedural defect in the Writ, asserting any exemption applicable to the funds, or presenting any other legally cognizable objection to the garnishment proceeding, Defendant's Response consists entirely of factual assertions going to the merits of the underlying FLSA claim—a claim that was fully adjudicated at trial and affirmed on appeal.

The judgment in this case is final. This Court entered judgment in favor of Plaintiff on December 20, 2024, subsequently awarded attorney's fees, costs, and appeal fees, and the Eighth Circuit affirmed and awarded taxable costs on appeal. Defendant's attempt to relitigate the merits of that final, affirmed judgment at the garnishment stage is improper. A garnishment proceeding is a ministerial process to enforce an existing judgment—not a vehicle to collaterally attack it. Because Defendant has raised no cognizable legal objection to the writ, his Response should be overruled, and the Court should enter an order directing Centennial Bank to disburse the funds it has admitted holding.

WHEREFORE, premises considered, Plaintiff Richard Monahan respectfully requests that the Motion for Entry of Order to Disburse Funds be granted and for all other proper relief.

Respectfully submitted,

**PLAINTIFF RICHARD MONAHAN**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
Josh@sanfordlawfirm.com